Mark J. Rosenberg
Amy B. Goldsmith
Jonathan E. Temchin
TARTER KRINSKY & DROGIN LLP
1350 Broadway
New York, New York 10018
Telephone:  212-216-8000
Facsimile:  212-216-8001
mrosenberg@tarterkrinsky.com
agoldsmith@tarterkrinsky.com

*Attorneys for Lokai Holdings LLC*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LOKAI HOLDINGS LLC,<br><br>                    Plaintiff,<br><br>        v.<br><br>MATTHEW BARBA and NEIL PATEL,<br><br>                    Defendants. | Case No.<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Lokai Holdings LLC ("Lokai"), by its attorneys, Tarter Krinsky & Drogin LLP, for its Complaint against Defendants Matthew Barba and Neil Patel (collectively, "Defendants") alleges as follows:

### NATURE OF THE ACTION

1.     This is an action for design patent infringement arising under the Patent Act, 35 U.S.C. § 101 *et seq*., trademark and trade dress infringement and unfair competition arising under the provisions of the Trademark Act of 1946, 15 U.S.C. §1051 *et seq*., particularly under

15 U.S.C. § 1114 and 1125(a) and the common law of the State of New York, and copyright infringement arising under the Copyright Act, 17 U.S.C. § 101 *et seq.*, particularly under 17 U.S.C. § 501.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 and 1367.  Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).  Defendants are transacting and doing business within this judicial district, are committing the acts complained of herein within this judicial district, have otherwise directed their illegal conduct complained of herein to this judicial district causing damage to Lokai in this District, and are subject to the jurisdiction of this Court pursuant to Rule 4 of the Federal Rules of Civil Procedure.

3.      Personal jurisdiction is proper over Defendants pursuant to New York C.P.L.R. § 302(a) because the unlawful conduct complained of herein has caused, and continues to cause, injury to Lokai within this District; Defendants have accepted and fulfilled sales orders for the Infringing Bracelets alleged herein from consumers within this District; Defendants derive substantial revenue in interstate and/or international commerce; and Defendants regularly and systematically direct electronic activity into the State of New York through their fully interactive www.balancebraceletsoutlet.com website from which the Infringing Bracelets alleged herein can be purchased, with the manifest intent of engaging in business within this District.

## THE PARTIES

4.      Lokai is a limited liability company organized and existing under the laws of the State of Delaware, having a principal place of business at 36 East 31st Street, Suite 602, New York, New York.

5.      Upon information and belief, defendant Matthew Barba is an individual who resides in the State of New Jersey.

6.      Upon information and belief, defendant Neil Patel is an individual who resides in the State of New Jersey.

7.      Upon information and belief, Mr. Barba and Mr. Patel direct and control the infringing activities alleged herein.

8.      Upon information and belief, Defendants regularly do business in this District by, among other things, offering and selling products in this District, including the Infringing Bracelets alleged herein, to persons located within this District, through their www.balancebraceletsoutlet.com website.

Lokai and Its Business

9.      Lokai is a socially responsible lifestyle brand that represents the importance of finding balance along life's journey. Cornell University graduate Steven Izen launched the company in 2013 on the heels of a deeply emotional and transformative experience. Realizing that life is a cycle of highs and lows, he grew to appreciate the importance of remaining both humble and hopeful. The company infuses its trademarked bracelets with elements sourced from the highest and lowest points on Earth - water from Mt. Everest and mud from the Dead Sea. The Lokai lifestyle is devoted to finding balance, sharing success during life's peaks and gaining perspective during lows. Lokai supports this message by donating 10% of its net profits to various charitable organizations.  In order to ensure that Lokai's message of balance and charity is not diminished during the sales process, Lokai carefully selects the distributors of its bracelets bearing the LOKAI Trade Dress and avoids those which may adversely affect Lokai's message and reputation.

10.      Commencing in 2013, long prior to the acts of the Defendants complained of

3

herein, all of the beaded bracelets offered and sold by Lokai have featured the same distinctive design which includes substantially spherical silicon beads of substantially the same size and color integrated with each other at opposite poles with a single pair of contrasting colored beads diametrically opposed to each other. Each of the contrasting beads is embossed with the Lokai Water Droplet ◖◗ design mark, which is registered with the United States Patent and Trademark Office as Registration Nos. 4,636,915 and 4,698,780 (the "Water Droplet Design Mark"), and a circular cardboard hangtag affixed to the bracelet by an integrated horizontal cardboard looping member (collectively, the "LOKAI Trade Dress"). Photographs showing the LOKAI Trade Dress are attached hereto as Exhibit 1. True and correct copies of U.S. Trademark Registration Nos. 4,636,915 and 4,698,780 are attached hereto as Exhibits 2-3.

11.     The design of the LOKAI bracelets is also the subject of U.S. Patent No. D748,000, which was duly and legally issued by the United States Patent and Trademark Office on January 26, 2016 (the "'000 Patent"). The '000 patent has remained in force since that time and continues to be in force. A true and correct copy of the '000 Patent is attached hereto as Exhibit 4.

12.     Lokai is the owner by assignment of the '000 Patent.

13.     The '000 Patent covers the ornamental design of a bracelet. Lokai has practiced and continues to practice the '000 Patent in connection with its marketing and sales of its LOKAI bracelets, representative samples of which are shown hereto as Exhibit 5.

14.     Affixed to each LOKAI bracelet is a circular, folded cardboard hangtag which bears the registered Water Droplet Design Mark, the LOKAI trademark, which is registered with the USPTO as Registration Nos. 4,742,254; 4,637,357; 4,640,686 and 4,429,129 and Lokai's FIND YOUR BALANCE trademark, which is registered with the USPTO as Registration No.

4,870,494 (the "LOKAI Hangtag").   True and correct copies of U.S. Trademark Registration

Nos. 4,742,254; 4,637,357; 4,640,686, 4,429,129; and 4,870,494 are attached hereto as Exhibits

6-10.

15.     The inside fold of the LOKAI Hangtag contains language describing Lokai's

philosophy of living a balanced life – staying humble during life's peaks and hopeful during its

lows.   True and correct copies of photographs of a LOKAI Hangtag are attached hereto as

Exhibit 11.   The LOKAI Hangtag is the subject of U.S. Copyright Registration No. VA 1-968-

047.   A true and correct copy of U.S. Copyright Registration No. VA 1-968-047 is attached

hereto as Exhibit 12.

16.     Since June of 2013, Lokai has marketed and sold its LOKAI bracelets on Lokai's

www.mylokai.com website (the "LOKAI Website").   Lokai owns two copyright registrations in

the original content, layout and design of the LOKAI Website, which is the subject of U.S.

Copyright Registration Nos. TX 8-199-052 and No. TX 8-199-067.   A true and correct copy of

U.S. Copyright Registration No. TX 8-199-052 is attached hereto as Exhibit 13.

17.     Lokai uses the LOKAI Website to market, promote and sell LOKAI bracelets and

explain Lokai's philosophy and charitable mission.   True and correct copies of the relevant

portions of the LOKAI Website are attached hereto as Exhibit 17.   Since June 2013, there have

been over 17 million unique visits to the LOKAI Website with over 110 million page views.

18.     Since being introduced to the public in 2013, sales and the renown of bracelets

bearing the LOKAI Trade Dress quickly grew.   By 2014, bracelets bearing the LOKAI Trade

Dress enjoyed substantial sales and wide recognition by the purchasing public, the trade and the

media.   Among other things, by 2014, Lokai's bracelets bearing the LOKAI Trade Dress were

offered at over 1,000 locations throughout the United States and on the LOKAI Website as well

as websites operated by authorized third party distributors, generating many millions of dollars of sales.  In 2014 alone, the LOKAI Website and Lokai's LiveLokai Instagram account, both of which feature photographs of bracelets bearing the LOKAI Trade Dress and persons wearing these bracelets had, respectively, millions of visits and over 300,000 followers; and bracelets bearing the LOKAI patented design were featured in the media including in the Huffington Post, Twist, J-14 and Milkshake.  Attached hereto as Exhibit 14 are true and correct copies of a representative sample of media mentions featuring the LOKAI Trade Dress in 2014.

19.   The rapid success of the Lokai's bracelets bearing the LOKAI Trade Dress continued into 2015, with the bracelets being distributed at thousands of locations throughout the United States and through additional websites, generating many millions of dollars in additional sales. In conjunction with the sales success of Lokai's bracelets bearing the LOKAI Trade Dress came additional public recognition, with millions of additional visits to the LOKAI Website. Lokai's LiveLokai Instagram account has featured exponential growth, rising to 500,000 followers in March, 2015, over 1 million followers by September, 2015, and presently over 1.6 million followers.  To date, Lokai, which is presently offered in thousands of retail outlets, has sold millions of LOKAI bracelets.

20.   In addition, many more media and social media outlets featured articles describing or displaying bracelets bearing the LOKAI Trade Dress including The Wall Street Journal, Self, Us, The Daily Mail, Christianity Today, Star, Fox's "Good Day LA," and Kourtney Kardashian's Instagram account, which at the time had approximately 1.2 million followers.  In addition, the media and social media have featured photographs of celebrities wearing Lokai's bracelets bearing the LOKAI Trade Dress.  These celebrities included Justin Bieber, Diane von Furstenberg, Jeremy Piven, Emma Roberts, Zac Efron, Catherine Zeta Jones,

Victoria Justice, Ashley Green, Vanessa Hudgens, Bella Thorne and Kris Jenner.   Attached hereto as Exhibit 14 are true and correct copies of a representative sample of media and social media mentions featuring the LOKAI Trade Dress in early 2015.

21.     The quick growth and fame of Lokai and its bracelets bearing the LOKAI Trade Dress has enabled Lokai to make good on its mission to make substantial donations to charity. These charities include the Susan G. Komen Foundation, the World Wildlife Fund, the Alzheimer's Association and Charity:Water.

22.     By virtue of the wide renown acquired by the LOKAI Trade Dress, coupled with the extensive distribution and sales of bracelets offered under the LOKAI Trade Dress throughout the United States along with the widespread media and social media presence and advertising of bracelets bearing the LOKAI Trade Dress, the LOKAI Trade Dress, prior to the acts of the Defendants complained of herein, became famous and developed a secondary meaning and significance in the minds of the purchasing public, such that bracelets bearing this trade dress were and continue to be immediately identified by the purchasing public with a single source, namely Lokai.

23.     Bracelets bearing the LOKAI Trade Dress are widely recognized by the purchasing public throughout the United States to be of the highest quality, offered and sold under superior customer service conditions. As a result thereof, the LOKAI Trade Dress and the goodwill associated therewith are of inestimable value to Lokai.

Defendants' Unlawful Activities

24.     In June 2016, Lokai learned that Defendants were operating the website with the web address of www.balancebraceletsoutlet.com (the "Infringing Website").   The domain name for the Infringing Website is registered to defendant Matthew Barba.   The Infringing Website,

which is a copy and paste copy of the copyrighted LOKAI Website, is used for one purpose only: to sell counterfeit LOKAI bracelets.

25.     Shortly after Lokai learned of the Infringing Website, it retained a private investigator who purchased a specimen of every "Lokai" bracelet offered on the Infringing Website.  After ordering the "Lokai" bracelets from the Infringing Website, the investigator received a "welcome" email from defendant Neil Patel.  Two days later, Mr. Patel sent another email to the investigator notifying her that her "order is complete."

26.     To the best of Lokai's knowledge, Defendants own and operate the Infringing Website and are responsible for the importation and distribution of the counterfeit "Lokai" bracelets that are the subject of this action.

27.     This is not the first time that Defendant Patel has engaged in the sales of counterfeit LOKAI bracelets. He is a repeat offender. In December 2015, a judgment was entered against Mr. Patel by the District of New Jersey based on Mr. Patel's sales of knock-off "Lokai" bracelets bearing counterfeits of Lokai's trademarks.  Mr. Patel sold those counterfeit bracelets on the www.lokaioutlet.com website, which was copied from the LOKAI Website.

28.     The "Lokai" bracelets purchased from the Infringing Website all consist of substantially spherical silicon beads of substantially the same size and color integrated with each other at opposite poles with a single pair of contrasting colored beads diametrically opposed to each other; each of the contrasting beads is embossed with an unauthorized copy of the Lokai Water Droplet Design mark (collectively, the "Infringing Bracelets") and affixed to each Infringing Bracelet is a circular, folded cardboard hangtag (collectively, the "infringing Trade Dress"), which bears unauthorized copies of Lokai's Water Droplet Design Mark, the LOKAI trademark and Lokai's FIND YOUR BALANCE trademark (the "Infringing Hangtags").  The

inside fold of the hangtags affixed to the Infringing Bracelets contains the exact same text which appears in the inside fold of the copyrighted hangtags affixed to genuine LOKAI bracelets. Images of the Infringing Bracelets and Infringing Hangtags are attached, respectively, as Exhibits 15 and 16.

29.      The Infringing Bracelets were not manufactured or distributed by, for or with the consent of Lokai.  Instead, the Infringing Bracelets, which bear unauthorized copies of Lokai's registered Water Droplet Design Mark and are sold in conjunction with hang tags which bear unauthorized copies of Lokai's registered Water Droplet Design, LOKAI and FIND YOUR BALANCE marks, are counterfeits.

30.      Not satisfied with copying the patented design of the LOKAI Bracelets, Lokai's trademark and LOKIA's copyrighted hangtags, Defendants also copied the LOKAI Website, literally lifting the Infringing Website (on which the Infringing Bracelets are sold), directly from the LOKAI Website. The photographs, text, design and layout of the Infringing Website are identical to the photographs, text design and layout of the LOKAI Website.  Representative images of the LOKAI Website and the Infringing Website are attached, respectively, as Exhibits 17 and 18.

31.      Examples of Defendants' shameless copying of the LOKAI Website include:

- The first page of the Our Story section of the LOKAI Website consists of a photograph of a white and black LOKAI bracelet set against a white background. The first page of the Infringing Website consists of an unauthorized copy of the same photograph.

- The second page of the "Our Story" section of the LOKAI Website consists of a photograph of the Dead Sea which is overlaid with text that states: "Sometimes

you've hit a low, Stay Hopeful.  A few years ago, I found myself in a moment of sadness, for my grandfather who had recently been diagnosed with Alzheimer's. The black bead of the lokai bracelet holds mud from the Dead Sea to represent this moment, when I felt at my lowest point."  A circle containing an image of mud is placed below the text.  The second page of the Infringing Website consists of an unauthorized copy of the photograph of the Dead Sea used on the LOKAI Website which is overlaid with the exact same text used on the LOKAI Website with the same circle containing an image of mud placed below the text.

- The third page of the "Our Story" section of the LOKAI Website consists of a computer generated cross sectional view of the black bead from a LOKAI bracelet and a perspective view of that bracelet accompanied by text which states, "MUD FROM THE DEAD SEA The black bead holds mud from the Dead Sea, the lowest point on Earth."  The third page of the Infringing Website consists of the same computer generated views and text.

- The fourth page of the "Our Story" section of the LOKAI Website consists of a photograph of Mount Everest which is overlaid with text that states, "Sometimes you're on top of the world, Stay Humble. Yet at the same time, I was struck by a feeling of immense gratitude for where I was in my life. The white bead of the Lokai bracelet carries water from Mount Everest to represent this moment, when I felt like I was on top of the world."  A circle containing an image of water is placed at the apex of Mount Everest.  The fourth page of the Infringing Website consists of an unauthorized copy of the photograph of Mount Everest used on the LOKAI Website which is overlaid with the exact same text used on the LOKAI

Website and the same circle containing an image of water placed at the apex of Mount Everest.

- The fifth page of the page of the "Our Story" section of the LOKAI Website consists of a computer generated cross sectional view of the white bead from a LOKAI bracelet and a perspective view of that bracelet accompanied by text which states, "WATER FROM MOUNT EVEREST The white bead carries water from Mount Everest, the highest point on Earth." The fifth page of the Infringing Website consists of the same computer generated views and text.

32.     The LOKAI Website also features a FAQ section which provides detailed answers to common customer questions.  The Infringing Website contains nearly all of these FAQs, copied word for word from the LOKAI Website (with the word "Lokai" replaced by "Bracelet" in some instances).   The answers to the FAQs on the Infringing Website are identical to the answers on the LOKAI Website (with the word "Lokai" replaced by "Bracelet" in some instances).

33.     The LOKAI Website contains a FAQ "How can I exchange my Lokai?" with an answer of  "In order to facilitate your exchange, your Lokai must have the original hang tag and the Limited-Edition Pack must have the shrink wrap attached. Lokais returned without the original tag or a damaged tag will not be processed for a size exchange.  Please submit a request to begin your exchange process. Our Customer Service team will respond to your message as soon as possible. Please note: your Lokai package must be postmarked by the 30th day."  The Infringing Website contains the exact same FAQ and answer, with the word "Lokai" replaced by "Bracelet."

34.     The LOKAI Website contains a FAQ "How can I guarantee my Lokai is authentic

11

if I purchased it from a third-party website?" with an answer of "Thank you for living Lokai. We can only guarantee the authenticity of your Lokai if you purchased your Lokai from lokai.com or in one of our authorized retailers. Lokais purchased from other third party websites are purchased at your own risk and they are not guaranteed to be authentic.  To identify authentic Lokai bracelets look for the diametrically opposed white and black (or colored) beads marked with the Lokai logo.  Each authentic Lokai bracelet or other Lokai branded products comes with a Lokai circular tag with the Lokai trademarks marked thereon."  The Infringing Website, *which only offers counterfeit LOKAI bracelets*, contains the exact same FAQ and answer, with the word Lokai" replaced by "Bracelet."

35.    Lokai has never consented, written or otherwise, to the Defendants' manufacture, importation, copying or use of Lokai's copyrighted materials, trademark or the design claimed in the '000 Patent.

36.    The Infringing Bracelets, like the design claimed in the '000 Patent, consist of substantially spherical beads of substantially the same size arranged in a circle with a single pair of contrasting colored beads diametrically opposed to each other.

37.    The Infringing Bracelets embody the design claimed in the '000 Patent.

38.    A side-by-side comparison of the design claimed in the '000 Patent, a representative Infringing Bracelets and a LOKAI bracelet is shown below:



| U.S. Patent No. D748,000 | Infringing Product | LOKAI Bracelet |

39.   As shown in the above comparison, the design of the Infringing Bracelets is the same or substantially the same as the design claimed in the '000 Patent and reflected in LOKAI bracelets.   The designs are so similar as to be nearly identical such that an ordinary observer, giving such attention as a purchaser usually gives, would be so deceived by the substantial similarity between the designs so as to be induced to purchase the Infringing Bracelets believing them to be substantially the same as the bracelet design protected by the '000 Patent.

40.   Lokai has not granted a license or any other authorization to Defendants to make use, offer for sale, sell or import bracelets that embody the design patented in the '000 Patent which is proprietary to Lokai.

41.   Upon information and belief, the Infringing Bracelets are of lesser quality than Lokai's bracelets bearing the LOKAI Trade Dress.

42.   This unauthorized use of the Infringing Trade Dress is likely to create and foster the false impression that Defendants' business and the products they offer originate from are authorized by or affiliated with Lokai.

43.   Upon information and belief, Defendants, at all relevant times, knew that the Infringing Bracelets and the Infringing Hangtags bore counterfeits of Lokai's registered LOKAI,

13

Water Droplet Design and FIND YOUR BALANCE trademarks.

44.     Upon information and belief, Defendants, at all relevant times, knew that the Infringing Bracelets were identical in appearance to and otherwise the infringed the LOKAI Trade Dress.

45.     Defendants' copying and use of the LOKAI Trade Dress (the "Infringing Trade Dress") was and continues to be without permission or authority of Lokai.

46.     Upon information and belief, the Infringing Bracelets are directly competitive with the Lokai's products bearing the LOKAI Trade Dress and are offered and sold to some of the same consumers to whom products bearing the LOKAI Trade Dress are offered and sold.

47.     Defendants' use of the Infringing Trade Dress is without permission or authority of Lokai and such use has been and continues to be in a manner that is likely to cause confusion, mistake and to deceive.

48.     Defendants' use of the Infringing Trade Dress is likely to lead others to mistakenly believe that bracelets offered in connection with the Infringing Trade Dress originate from or are in some way associated with, sponsored, authorized or endorsed by, or related to Lokai.

## FIRST CAUSE OF ACTION
### Patent Infringement under 35 U.SC. § 271

49.     Lokai repeats and realleges the allegations of paragraphs 1 through 48 as if fully set forth herein.

50.     This claim arises under the provisions of the Patent Laws, particularly under 35 U.S.C. § 271, and alleges the infringement of a design patent.

51.     Defendants have infringed, and continue to infringe the '000 Patent by, *inter alia*, making, having made, importing, offering to sell, or selling in this District, and elsewhere in the

United States, the Infringing Bracelets, the design of which is substantially the same as the ornamental design claimed in the '000 Patent.

52.     Defendants' actions constitute infringement of the '000 Patent in violation of 35 U.S.C. § 271 because, *inter alia*, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, the design of the Infringing Bracelets and the design claimed in the '000 Patent are substantially the same, the resemblance being such as to deceive such an ordinary observer, inducing him to purchase one supposing it to be the other.

53.     Defendants' acts of infringement set forth herein were undertaken without authority, permission or license from Lokai.

54.     Defendants' infringement has damaged and continues to damage and injure Lokai. The injury to Lokai is irreparable and will continue unless and until Defendants are enjoined from further infringement.

55.     Lokai is entitled to a complete accounting of all revenue and profits derived by Defendants from the unlawful conduct alleged herein, including without limitation, Defendants' total profit pursuant to 35 U.S.C. § 289.

56.     Defendants have engaged and are engaged in willful and deliberate infringement of the '000 Patent. Such willful and deliberate infringement justifies an increase of three times the damages to be assessed pursuant to 35 U.S.C. § 284 and further qualifies this action as an exceptional case supporting an award of reasonable attorney's fees pursuant to 35 U.S.C. § 285.

57.     Lokai is entitled to a permanent injunction preventing Defendants from further infringing the '000 Patent.

## SECOND CAUSE OF ACTION
### Unfair Competition under 15 U.S.C. § 1125(a) (Trade Dress)

58.     Lokai repeats and realleges the allegations of paragraphs 1 through 57 as if fully set forth herein.

59.     This claim arises under the provisions of the Trademark Act of 1946, 15 U.S.C. §1051 et seq., particularly under 15 U.S.C. § 1125(a), and alleges the use in commerce of false designations of origin, false descriptions and false representations.

60.     Prior to the acts of the Defendants complained of herein, Lokai extensively marketed, promoted and used the LOKAI Trade Dress throughout the United States to identify its products and to distinguish them from those provided by others. By reason of the distinctiveness of the LOKAI Trade Dress, this trade dress indicates to customers, potential customers and the trade that bracelets bearing the LOKAI Trade Dress are offered and provided by Lokai.

61.     As a result of Lokai's marketing, promotion and substantial sales of bracelets bearing the LOKAI Trade Dress, the LOKAI Trade Dress has developed and has a secondary and distinctive meaning to customers, potential customers and the trade so that bracelets bearing this trade dress are known and understood to originate from a single source, namely Lokai.

62.     Upon information and belief, Defendants have used the Infringing Trade Dress with the express intent to cause confusion and mistake, to deceive and mislead the purchasing public, to trade upon the reputation of Lokai and to improperly appropriate Lokai's valuable trade dress rights.

63.     Defendants' use and continued use of the Infringing Trade Dress will cause and is likely to cause confusion, mistake or deception in the minds of the trade and purchasing public and create the erroneous impression that Defendants' use of the Infringing Trade Dress and the

provision of the Infringing Bracelets under that trade dress are authorized, endorsed, sponsored, authorized or approved by Lokai or, alternatively, that the offering of bracelets bearing the LOKAI Trade Dress are provided, authorized, endorsed, sponsored, authorized or approved by Defendants.

64.     Defendants' use of the Infringing Trade Dress constitutes a use in interstate commerce of a false designation of origin and a false and misleading description and representation of goods in commerce, with knowledge of the falsity, which has and is likely to cause confusion, mistake and deception and a use in commercial advertising and promotion which misrepresents the nature, characteristics, qualities and origin of the Defendants' goods and commercial activities, all within the meaning and in violation of 15 U.S.C. § 1125(a).

65.     Defendants' use and continued use of the Infringing Trade Dress is causing and, unless enjoined, will continue to cause irreparable harm and damage to Lokai and its business, reputation and goodwill and has caused Lokai to suffer monetary damages in an amount not thus far determined.

66.     Unless restrained and enjoined, the Defendants' aforesaid acts will cause Lokai irreparable harm and damage for which there is no adequate remedy at law.

### THIRD CAUSE OF ACTION
### Trademark Infringement under 15 U.S.C. § 1114(1)

67.     Lokai repeats and realleges the allegations of paragraphs 1 through 66 as if fully set forth herein.

68.     This claim arises under the provisions of the Trademark Act of 1946, 15 U.S.C. § 1051 et seq., particularly under 15 U.S.C. § 1114(1), and alleges the infringement of registered trademarks.

69.     Lokai is the owner of U.S. Trademark Registration Nos. 4,742,254; 4,637,357;

4,640,686 and 4,429,129 for LOKAI for bracelets; jewelry; rubber or silicon wristbands in the nature of a bracelet, retail store services featuring jewelry and online retail store services featuring jewelry; Nos. 4,636,915 and 4,698,780 for the Water Droplet Design mark for bracelets; jewelry; rubber or silicon wristbands in the nature of a bracelet and online retail store services featuring jewelry; and No. 4,870,494 for FIND YOUR BALANCE for bracelets; jewelry; rubber or silicon wristbands in the nature of a bracelet (collectively, the "Lokai Registrations").

70.     The Lokai Registrations are valid and subsisting.

71.     Defendants' unauthorized counterfeiting and use of Lokai's LOKAI, Water Droplet Design and FIND YOUR BALANCE marks (collectively, the "Lokai Marks") in connection with goods and services that are identical or nearly identical to the services covered by the Lokai Registrations is likely to cause confusion, mistake and deception.

72.     The activities of Defendants complained of herein constitute willful and intentional infringement of the registered Lokai Marks, as such activities have the effect of creating confusion, mistake and deception.  Upon information and belief, these activities were commenced and have continued despite Defendants' knowledge that such activities are in direct contravention of Lokai's rights.

73.     Defendants counterfeited and willfully infringed the registered Lokai Marks by using the Lokai Marks in the offering and providing of goods and services that are identical or nearly identical to the services covered by the Lokai Registrations, in interstate commerce in this District and elsewhere. This use was and continues to be without permission or authority of Lokai, and such use has been and continues to be in a manner that is likely to cause confusion, mistake and to deceive.

74.     The aforesaid and continuing acts of the Defendant infringe the Lokai Registrations in violation of 15 U.S.C. §1114(1).   This continuing violation has caused, is causing and, unless enjoined, will continue to cause irreparable harm and damage to Lokai and its business, reputations and goodwill and have caused Lokai to suffer monetary damages in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### Copyright Infringement Under 17 U.S.C. § 501

75.     Lokai repeats and relleages the allegations of Paragraphs 1-74 as if fully set forth herein.

76.     Upon information and belief, at some time presently unknown, but after Lokai first published the LOKAI Website and the LOKAI Hangtags, Defendants infringed the copyright therein by (a) copying the LOKAI Website including its original layout, graphics and text, and placing such copy on the Infringing Website and (b) copying the LOKAI Hangtags including their original layout, graphics and text, and placing such copies on the Infringing Hangtags.

77.     The Infringing Website is nearly identical to the LOKAI Website.   Among other things, the design, layout and text of nearly every page of the Infringing Website is nearly identical to the design, layout and text of the corresponding page of the Lokai Website. *Compare* Exhibit 18 to Exhibit 17.

78.     The Infringing Hangtags are nearly identical to the LOKAI Hangtags.   Among other things, the design, layout and text of the Infringing Hangtags is nearly identical to the design, layout and text of the corresponding portions of the Lokai Hangtags.   *Compare* Exhibit 16 to Exhibit 11.

79.     The Infringing Website is substantially similar to the copyrighted LOKAI

Website.

80.     The Infringing Hangtags are substantially similar to the copyrighted LOKAI Hangtags.

81.     Lokai has been damaged by Defendants' infringing conduct in an amount yet to be determined, but believed to be at least $1,000,000.

82.     Lokai has no adequate remedy at law

## FIFTH CAUSE OF ACTION
### Unfair Competition under 15 U.S.C. § 1125(a) (Trademarks)

83.     Lokai repeats and realleges the allegations of Paragraphs 1-82 as if fully set forth herein.

84.     This claim arises under the provisions of the Trademark Act of 1946, 15 U.S.C. § 1051 et seq., particularly under 15 U.S.C. § 1125(a), and alleges the use in commerce of false designations of origin, false descriptions and false representations.

85.     Long prior to the acts of the Defendants complained of herein, Lokai marketed, promoted and used the Lokai Marks to identify its goods and services and to distinguish them from those provided by others.  By reason of the inherent distinctiveness of the Lokai Marks, the Lokai Marks indicate to customers, potential customers and the trade, that goods and services offered and provided under and in connection with the Lokai Marks are offered and provided by Lokai.

86.     As a result of Lokai's marketing, promotion and sales of goods and services under and in connection with the Lokai Marks, the Lokai Marks have developed and have a secondary and distinctive meaning to consumers, potential consumers and the trade, so that goods and services offered under and in connection with the Lokai Marks, are known and understood to originate from Lokai.

20

87.     Defendants have used counterfeits of the Lokai Marks with the express intent to cause confusion and mistake, to deceive and mislead the purchasing public, to trade upon the reputation of Lokai and to improperly appropriate Lokai's valuable trademark rights.

88.     Defendants' use and continued unauthorized use of the Lokai Marks has caused and is likely to cause confusion, mistake or deception in the minds of the trade and purchasing public and create the erroneous impression that Defendants' use of the Lokai Marks and the provision of goods and services under and in connection with those marks is authorized, endorsed, sponsored, authorized or approved by Lokai and that Lokai's offering of goods and services under and in connection with the Lokai Marks is provided, authorized, endorsed, sponsored, authorized or approved by Defendants.

89.     Defendants' unauthorized use of the Lokai Marks constitutes a use in interstate commerce of a false designation of origin and a false and misleading description and representation of goods in commerce with knowledge of the falsity, which has and is likely to continue to cause confusion, mistake and deception, and a use in commercial advertising and promotion that misrepresents the nature, characteristics, qualities and origin of the Defendant's services commercial activities, all within the meaning and in violation of 15 U.S.C. § 1125(a).

90.     Defendants' use and continued unauthorized use of the Lokai Marks is causing and, unless enjoined, will continue to cause irreparable harm and damage to Lokai and its business, reputation and goodwill, and has caused Lokai to suffer monetary damages in an amount to be determined at trial.

91.     Unless restrained and enjoined, Defendants' aforesaid acts are causing and will continue to cause Lokai irreparable harm and damage for which there is no adequate remedy at law.

## SIXTH CAUSE OF ACTION
### Common Law Unfair Competition

92.     Lokai repeats and realleges the allegations contained in Paragraphs 1 through 91 as if fully set forth herein.

93.     This claim arises under the common law of this State relating to trade dress infringement and unfair competition.

94.     As more fully set forth above, the LOKAI Trade Dress and the Lokai marks have come to have a secondary meaning indicative of origin, relationship, authorization, sponsorship and/or association with Lokai. As a result, the purchasing public and the trade are likely to attribute to Lokai the Defendants' use of the Infringing Trade Dress and the Lokai Marks as a source of origin, authorization and/or sponsorship of Defendants' products, and therefore, to purchase Defendants' products based on that erroneous belief or, alternatively, attribute to Defendants the authorized use of the LOKAI Trade Dress and the Lokai Marks as a source of origin, authorization and/or sponsorship of Lokai's goods, and therefore, to purchase Lokai's goods based on that mistaken belief.

95.     Upon information and belief, Defendants intentionally appropriated the LOKAI Trade Dress, the Lokai Marks and the goodwill associated therewith with the intent of causing confusion, mistake, and deception as to the source of origin, relationship, sponsorship, and/or association of Defendants' goods, and with the intent to palm off its goods as those of Lokai, and, as such, Defendants have committed unfair competition under the common law.

96.     The Defendants' use and continued use of the LOKAI Trade Dress and Lokai Marks has caused, is causing and, unless enjoined, will continue to cause irreparable harm and damage to Lokai and its business, reputation and goodwill and has caused Lokai to suffer monetary damages in an amount not thus far determined.

22

97.     By reason of such infringement, unfair competition and misappropriation and by Defendants' promotion and offering of the Infringing Bracelets bearing the Infringing Trade Dress and the Lokai Marks, Defendants have caused, and unless restrained and enjoined will continue to cause, irreparable injury to Lokai's reputation and goodwill and otherwise damage Lokai in an amount not thus far determined.

98.     Defendants' conduct in intentionally misappropriating Lokai's goodwill and engaging in unfair competition was intended to wrongfully enrich Defendants and to deliberately and willfully injure Lokai in wanton disregard of Lokai's rights and Defendants' legal obligations.  Lokai is therefore entitled to an award of punitive damages in an amount of no less than $10,000,000.

99.     Unless restrained and enjoined, Defendants' continuing acts of infringement and unfair competition will cause irreparable harm and damage to Lokai for which there is no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Lokai respectfully request that this Court enter a judgment against the Defendants as follows:

A.     That Defendants and their officers, directors, partners, employees, agents, servants and attorneys and those persons in active concert or participation with them are preliminarily and permanently enjoined from:

1.     Making, having made, importing, selling, and offering to sell Infringing Bracelets practicing the '000 Patent and from otherwise infringing, contributing to infringement of, and actively inducing infringement of the '000 Patent;

23

2. Using the Infringing Trade Dress, the LOKAI Trade Dress or any colorable imitation thereof in connection with the offering, selling, advertising or promoting the sale of any goods or services or from otherwise using the LOKAI Trade Dress or any trade dress or designs confusingly similar thereto;

3. Using the Lokai Marks or any colorable imitation thereof in connection with the offering, selling, advertising or promoting the sale of any goods or services or from otherwise using the Lokai Marks or any marks confusingly similar thereto; and

4. Using in connection with the sale of any goods or services or the dissemination or distribution of advertising, promotional or marketing materials, a false or misleading description or representation including words or other symbols tending to deceive or cause confusion with Lokai, the Lokai Marks or the LOKAI Trade Dress; and

5. Unfairly competing with Lokai;

B. That Defendants be required to permanently cease using the Infringing Website and any other websites bearing infringements of the LOKAI Website;

C. That Defendants be required to account to Lokai for all profits resulting from Defendants' infringing activities and unfair competition and that such award of profits to Lokai be increased by the Court as provided for under 17 U.S.C. § 504; 15 U.S.C. § 1117(b) and 35 U.S.C. § 285;

D.     That Lokai have a recovery from Defendants of all damages sustained by Lokai resulting from Defendants' infringing activities and unfair competition;

E.     That Lokai have a recovery from Defendants of the costs of this action and Lokai's reasonable counsel fees pursuant to 15 U.S.C. § 505;  17 U.S.C. § 1117; and 35 U.S.C. § 285.

F.     That Lokai receive statutory damages pursuant to 15 U.S.C. § 1117 and 17 U.S.C. § 504;

G.     That Defendants be ordered to deliver up to Lokai for destruction the Infringing Bracelets, Infringing Hangtags, and all signs, labels, stickers, prints, packages, wrappers, receptacles, advertisements and other written or printed material in their possession, custody or control which bear LOKAI Trade Dress or the Lokai Marks, alone or in combination with any other words, marks or other elements; and

H.     That Lokai have all other and further relief as the Court may deem just and proper under the circumstances.

Dated:   New York, New York
             June 23, 2016

TARTER KRINSKY & DROGIN LLP

By:    /s/ Mark J. Rosenberg
          Mark J. Rosenberg
          Amy B. Goldsmith
          Jonathan E. Temchin

1350 Broadway
New York, New York 10018
(212) 216-8000
mrosenberg@tarterkrinsky.com
agoldsmith@tarterkrinsky.com
jtemchin@tarterkrinsky.com

# EXHIBIT 1





